USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/10/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE, *proceeding under a pseudonym*,

                          Plaintiff,

          -against-

Epiq eDiscovery Solutions, Inc., Lisa
Edgeworth, Ann Marie Carlson, Stacey
Sacks,

                          Defendants.

24-cv-9880 (MKV)

OPINION & ORDER
DENYING MOTIONS TO
PROCEED UNDER A PSEUDONYM,
TO REDACT PERSONALLY
IDENTIFYING INFORMATION, FOR
PRO BONO COUNSEL, TO WAIVE
PACER FEES, AND GRANTING
MOTION TO PARTICIPATE IN
ELECTRONIC CASE FILING

MARY KAY VYSKOCIL, United States District Judge:

In violation of Rule 10(a) of the Federal Rules of Civil Procedure and Rule 6.14 of the
S.D.N.Y. Electronic Case Filing Rules & Instructions, Plaintiff "John Doe" filed this action under
a pseudonym without leave of the Court against Defendants Epiq eDiscovery Solutions, Inc.
("Epiq") and its employees Lisa Edgeworth, Ann Marie Carlson, and Stacey Sacks.  [ECF No. 1
("Compl.")].   Simultaneous with his Complaint, Plaintiff filed a motion to proceed under a
pseudonym, a motion to redact certain personal information, a request for pro bono counsel, and a
motion for permission to participate in electronic case filing. [ECF Nos. 7 ("Pseudonym Mot."), 9
("Redaction Mot."), 11 ("Pro Bono Counsel Request"), 12 ("Electronic Case Filing Mot.")]. [1]
Thereafter, Plaintiff filed a letter requesting that the court waive PACER fees. [ECF No. 16

---

[1] Plaintiff filed separate declarations in support of his motion to proceed under a pseudonym and his motion to redact
personal information. [ECF Nos. 8 ("Pseudonym Decl."), 10 ("Redaction Decl.")]. The Declaration filed in support
of the motion to proceed under a pseudonym appends an email sent to the Pro Se Intake Unit, which the Court construes
as a memorandum of law in support of the motion. Pseudonym Decl. at 4–5. Plaintiff also attached to his motion to
proceed under a pseudonym two copies of his pleading, one with his full name [ECF No. 7-1] and one that includes
Plaintiff's first initial and last name [ECF No. 7-2]. Additionally, Plaintiff filed three letters on the docket requesting
the Court resolve his pending motions. [ECF Nos. 17–19].

("PACER fees waiver request")]. By order dated January 3, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). [ECF No. 14].

For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is DENIED, the motion to redact personally identifying information is GRANTED in part and DENIED in part, Plaintiff's request for pro bono counsel is DENIED without prejudice to renewal, the request to waive PACER fees is denied, and Plaintiff's motion for permission to participate in electronic case filing in this case is GRANTED.

## BACKGROUND

Epiq is Plaintiff's former employer and Lisa Edgeworth, Ann Marie Carlson, and Stacey Sacks are Plaintiff's former supervisors at Epiq. *See* Compl. ¶ 14, 16, 18, 20.  Plaintiff "John Doe" brings this case *pro se*, alleging that, during his employment at Epiq, he was subjected to "discriminatory and retaliatory conduct" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and relevant provisions of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.*

## DISCUSSION

Since Plaintiff proceeds *pro se*, the Court "is obliged to construe his pleadings liberally." *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  This obligation requires "a permissive application of the rules governing the form of pleadings", *id.*, and requires that the court interpret *pro se* submissions to "raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

I.    **Motion to Proceed Under a Pseudonym**

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties."  Fed. R. Civ. P. 10(a); *see also Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022); *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).  This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 188.  It "cannot be set aside lightly."  *Id.* at 189.  As the Second Circuit has explained, "[t]he people have a right to know who is using their courts."  *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).  Indeed, this "right is 'supported by the First Amendment'" creating a "constitutionally-embedded presumption of openness in judicial proceedings."  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016)).  Thus, a "strong presumption of public access attaches" to complaints and the exhibits attached thereto *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016); *Sealed Plaintiff*, 537 F.3d at 189; *Doscher v. Sobel & Co., LLC*, No. 14 CV 646 RMB GWG, 2014 WL 846773, at *2 (S.D.N.Y. Mar. 3, 2014).

In limited circumstances, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a party to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks, citation, and brackets omitted).  The question for the court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)).  The court must also consider the interests of the opposing party.  *Id.*  ("the interests of both the public

and the opposing party should be considered.").  Moreover, plaintiffs "seeking anonymity" must offer the court "more than just 'mere speculation'" about the competing interests at stake.  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, No. 14-CV-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)).

The Second Circuit has enumerated a "non-exhaustive" list of factors to determine whether a plaintiff's interest in anonymity outweighs the interests of both the public and the defendant. *Sealed Plaintiff*, 537 F.3d at 189.  The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of his age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted).  A district court is not required to discuss every factor or "use any particular formulation" provided that it "balance[s] the interests at stake."  *Id.* at 191 n.4.

**A.    Consideration of The Sealed Plaintiff Factors
Weighs Against Anonymity**

*i.    Factor 1: "Highly Sensitive or Personal" Matters*

Plaintiff alleges that he was subjected to "discriminatory practices, including race-based discrimination, retaliation, and failure to promote", and argues that "[d]ue to the nature of his claims and the personal, sensitive information involved," the Court should allow him to proceed anonymously.  *See* Pseudonym Decl. ¶ 2.  He states that his discrimination claims "inherently touch upon matters that are deeply personal and sensitive." *Id.* at 4.  However, "mere membership in a protected class based on race, ethnicity, religion, or national origin is not typically considered 'highly sensitive.'" *Doe v. Fashion Inst. of Tech.*, No. 25 CIV.950 (JPC), 2025 WL 1000927, at *3 (S.D.N.Y. Apr. 3, 2025); *Doe v. Intel Corp.*, No. 24-CV-6117, 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024), *appeal dismissed*, No. 24-3330, 2025 WL 919026 (2d Cir. Feb. 24, 2025).  Further, plaintiff's allegations are not "converted into a sensitive matter just because a plaintiff has filed a discrimination or retaliation lawsuit." *Intel Corp.*, 2024 WL 4553985, at *3. Even if Plaintiff's allegations had included personal, sensitive information, this factor is not dispositive.  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405. Indeed, many courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal.  *See id.*; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (denying motion despite concluding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns"); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Doe v. Leonelli*, 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022); *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159, at *3, 6, 7 (S.D.N.Y. May 12, 2020).

ii.    *Factors 2 and 3: Risk of Harm*

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190.  The third factor is "whether identification presents other harms." *Id.*

Plaintiff asserts that proceeding anonymously would "protect [his] privacy and prevent potential harm." *See* Pseudonym Decl.  ¶ 3. In particular, Plaintiff claims that public disclosure of his identity could expose him to (1) "[e]motional distress" that could impact his "mental health and well-being," (2) retaliation by the "defendants or related parties," and (3) "[p]otential harm" to his employment prospects.  Pseudonym Decl. ¶ 4. However, Plaintiff offers no support for these assertions beyond stating that he "worked in an environment" where "Do Not Use" or "Do Not Hire" lists were "standard industry tools." Pseudonym Decl. at 4.

Plaintiff must offer the Court "more than just 'mere speculation'" to justify proceeding anonymously.  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405.  Indeed, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific . . . injury." *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019).  One court in this Circuit allowed a plaintiff to proceed anonymously where she submitted evidence from a medical professional who predicted that requiring disclosure of her name would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999).  Plaintiff here has not come close to alleging such severe harm and has not included any evidence from a mental health professional. Moreover, even where such medical evidence is present, other factors may still tip the balance against permitting a plaintiff to proceed anonymously.  *See Rapp*, 537 F. Supp. 3d at 529.

In all events, it is well-established that Plaintiff's "conclusory statements and speculation" about emotional harm, potential retaliation, and harm to Plaintiff's employment prospects are insufficient. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *see Branca USA, Inc.*, 2022 WL 2713543, at *4; *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (ruling that plaintiff's "own affidavit" about her risk of mental harm, without more, was "insufficient"); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 ("Plaintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm" and thus the second and third factor weigh against plaintiff). Here, Plaintiff has not submitted any evidence to support his conclusory assertions of harm.

Moreover, Plaintiff's alleged fear of retaliation and harm to his future employment prospects is not enough to overcome the presumption of disclosure. A court in this district held that a Plaintiff's desire "to sue [his] former employer without future employers knowing about it" is insufficient to outweigh the public interest in disclosure and prejudice to the defendant. *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220 (JPO), 2018 WL 2021588, at *1, *3 (S.D.N.Y. Apr. 27, 2018). Moreover, "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *Townes*, 2020 WL 2395159, at *4 (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 CIV. 5601 HBP, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (finding against party seeking anonymity who argued that revealing her name would result in financial hardship and loss of professional goodwill)).

Plaintiff "has chosen to bring this lawsuit," against Defendants and, as such, he "has put [his] credibility in issue." *Shakur*, 164 F.R.D. at 361. Defendants are, therefore, entitled to investigate his background and challenge his allegations and his credibility. *See id.* Media outlets have a constitutional right to publish stories about this case. *See New York Civil Liberties Union*

*v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012); *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted) ("[I]t is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.").

Finally, courts are especially concerned with "innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff does not contend that disclosure of his identity poses a risk of harm to any innocent non-parties. Accordingly, the Court finds that Plaintiff's assertions of potential harms are speculative, unsupported by evidence, and insufficient to justify anonymity in this case.

iii.    *Factor 4: Vulnerability*

The fourth *Sealed Plaintiff* factor is whether Plaintiff is especially vulnerable, "particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff is an adult and has not identified any reason for the Court to treat him as more vulnerable than the numerous plaintiffs who bring employment discrimination claims in their own names. Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at *5.

iv.    *Factor 5: Defendants' Status as*
        *Private Parties*

The fifth *Sealed Plaintiff* factor is whether the suit challenges the actions of the government or that of private parties. *Sealed Plaintiff*, 537 F.3d at 190. Courts are loathe to grant a motion to proceed anonymously against private parties. *See Townes*, 2020 WL 2395159, at *5; *Rapp*, 537 F. Supp. 3d at 532. Epiq and all of the other defendants are private parties. As such, factor five weighs against Plaintiff.

v.    *Factor 6: Prejudice to Defendants*

The sixth *Sealed Plaintiff* factor is "whether the defendant [would be] prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. In

considering this factor, courts have weighed "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." *Rapp*, 537 F. Supp. 3d at 531 (quoting *Townes*, 2020 WL 2395159, at \*5).  Defendants likely would be prejudiced in all of these respects.

If Defendants do not know who their accuser is, they cannot thoroughly investigate his allegations and his background and otherwise prepare a defense to his claim that each defendant is liable.  *See Rapp*, 537 F. Supp. 3d at 531.  Indeed, the potential prejudice to Defendants with respect to discovery is inseparable from the potential prejudice to their reputations and fundamental fairness.  If damaging information about only one side is aired through the litigation, Defendants cannot mitigate the damage to their reputations.  *See id.*  Thus, courts in this Circuit have long stressed the fundamental unfairness of allowing a plaintiff to "make [his] accusations from behind a cloak of anonymity."  *Delta Airlines, Inc.*, 310 F.R.D. at 225 (quoting *Shakur*, 164 F.R.D. at 361).

Plaintiff claims that his request to proceed under a pseudonym "is not intended to unfairly prejudice the defendants." Pseudonym Decl. ¶ 5. Whether Plaintiff *intends* to prejudice Defendants is beside the point. Plaintiff additionally argues that allowing Plaintiff to proceed under a pseudonym would not prejudice Defendants because "they are already fully aware of Plaintiff's identity and the nature of the claims" and instead Plaintiff seeks only to "shield Plaintiff's identity from public exposure." *Id.* at 4.  Defendants' awareness of Plaintiff and his claims does not obviate the potential prejudice to Defendants.  If Plaintiff's name is kept from the public, "information about only one side may thus come to light."  *Id.* (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)).  In particular, "persons with information about [Plaintiff] or [his] allegations that would be helpful to [the] defense . . . . likely would have no way of knowing" to come forward.

*Id.* This "asymmetry" between the parties "not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Id.* (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020)). Accordingly, the potential prejudice to Defendants weighs against permitting Plaintiff to proceed anonymously.

vi.    *Factor 7: Plaintiff Has Disclosed his Identity*

The seventh *Sealed Plaintiff* factor is "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407; *Rapp*, 537 F. Supp. 3d at 529. Plaintiff claims that Defendants "are already fully aware of Plaintiff's identity and the nature of the claims." Pseudonym Decl. at 4. Moreover, Plaintiff has disclosed his full name in nearly every filing he has made in this case, including the motion to proceed under a pseudonym itself as well as the declaration supporting the motion. [ECF Nos. 2 at 3, 7, 9, 15; 4 at 2, 3, 5; 6 at 2–5; 7 at 2; 8 at 1, 2, 4, 5; 9 at 2, 4, 5, 19; 10 at 2, 3; 11 at 3, 6; 12 at 3; 16 at 2]. [2] Though it appears Plaintiff has disclosed his name unintentionally, this factor clearly weighs against Plaintiff.

vii.    *Factors 8 and 9: The Public Interest*

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an

---

[2] The Court has reviewed Plaintiff's July 15, 2025 letter that details Plaintiff's efforts to change the email address associated with his PACER account because his original email revealed his name. [ECF No. 19]. However, these efforts do not remedy the numerous places in which Plaintiff has already revealed his name in various filings. [ECF No. 19]. Moreover, Plaintiff's July 15, 2025 letter was filed more than seven months after the commencement of this lawsuit when Plaintiff used his personal email that revealed his name. [ECF No. 19].

atypically weak public interest in knowing the litigants' identities." *Id.* These factors clearly weigh against granting Plaintiff's motion to proceed under a pseudonym.

Plaintiff asserts, without support, that "[t]here is no compelling public interest in disclosing Plaintiff's identity." Pseudonym Decl. at 4. Plaintiff is wrong. As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361.; *Lugosch*, 435 F.3d at 119 ("The presumption of access is based on the need for federal courts, . . . to have a measure of accountability and for the public to have confidence in the administration of justice."). This is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5,* No. 12-CV-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Thus, "open proceedings . . . benefit the public as well as the parties." *Id.* Indeed, this is the kind of case that can "further the public's interest in enforcing legal and social norms." *Id.*; *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408.

Moreover, while there is a public interest in allowing a victim of discrimination to vindicate his rights, there is a concomitant public interest in allowing "the accused publicly to confront the accuser." *Branca USA, Inc.*, 2022 WL 2713543, at *2. If other potential plaintiffs are deterred by this decision from filing their own lawsuits, that is "an unfortunate result" of the fundamental, countervailing interests that generally require "[P]laintiff and others like [him to] seek vindication of their rights publicly." *Shakur*, 164 F.R.D. at 362; *see Pilcher*, 950 F.3d at 45 ("pseudonyms are the exception and not the rule"). The Court concludes that factors eight and nine weigh against anonymity.

viii.    *Factor 10: The Availability of*
        *Alternative Mechanisms*

The tenth and final *Sealed Plaintiff* factor is whether any alternative mechanisms short of proceeding under a pseudonym could protect Plaintiff's interest in confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff can seek and has sought less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order. *See, e.g.*, *Doe v. Berg*, No. 15-CV-9787, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Thus, factor ten weighs against Plaintiff's request to proceed anonymously.

**B.    The Balance of Interests Weighs Against Anonymity**

The Court concludes that the balance of interests at stake weighs strongly against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. Plaintiff has an interest in keeping his identity private to avoid emotional harm and purported potential harm to his employment prospects. But Plaintiff has decided to file a lawsuit in which he accuses a former employer and former supervisors of discriminatory behavior. Defendants have a right to defend themselves and not to be publicly exposed while their accuser remains safely behind the cloak of anonymity. *Sealed Plaintiff*, 537 F.3d at 189; *Delta Airlines, Inc.*, 310 F.R.D. at 225. Moreover, it is fundamental that the people have a right to know who is using their courts. *See Sealed Plaintiff*, 537 F.3d at 189; *Pilcher*, 950 F.3d at 42. Plaintiff has not carried his burden to show that he is entitled to the exceptional remedy of anonymity.

## II.    Motion to Redact Personally Identifiable Information

Plaintiff also requests that his personally identifiable information be redacted from documents in this case. [ECF No. 9 ("Redaction Mot.") at 2]. In particular, Plaintiff requests that the Court permit him to redact his name, his social security number, his address, his telephone number, his email address, "contact information," "complaint number" in his EEOC and NYCCHR proceedings, his signature, his date of birth, and "any additional personal details, including medical, educational, financial, or otherwise identifiable information." *Id.* at 4; Redaction Decl. at 2. Plaintiff states that the following documents require redactions—"the Verified Complaint, Notice of Administrative Closure, and Notice of Right to Sue." Redaction Decl. 2. Each are attached to the Motion to Redact and declaration in support and each are documents apparently showing that Plaintiff pursued administrative remedies before bringing this suit. Redaction Mot. at 6-15; Redaction Decl. at 13-25.

To justify his request, Plaintiff largely relies on the same arguments that he uses in his motion to proceed under a pseudonym. Specifically, he argues that redaction will "protect [his] privacy and identity," and failure to redact the above information may cause "undue scrutiny," "emotional distress," "reputational harm," and placement on a "Do Not Hire" list, causing harm to his employment prospects. Redaction Mot. at 2, 4; Redaction Decl. at 1-2.

As an initial matter, the same concerns about preserving the "common law . . . fundamental presumptive right of public access" apply to motions for redaction as motions to proceed under a pseudonym. *See, e.g.*, *Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020); *Lugosch*, 435 F.3d at 119.

As explained in the form employment discrimination claim that Plaintiff filed on the docket, under Rule 5.2(a) of the Federal Rules of Civil Procedure, without leave of the Court

Plaintiff may redact his social security number except for the last four digits and his date of birth except its year.  Compl. at 109, 117 (citing Fed. R. Civ. P. 5.2); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631 (S.D.N.Y. 2011).  To the extent Plaintiff seeks to redact this information in compliance with Rule 5.2(a), Plaintiff's motion to redact is granted.

However, Plaintiff also seeks permission of the Court to seal redact his name, his physical address, his telephone number, his email address, and "any additional personal details."  *See* Redaction Mot. at 4.  Rule 5.2(e) provides that, *for good cause*, the Court may enter a protective order allowing additional personal information to be redacted.  *See* Fed. R. Civ. P. 5.2 (emphasis added); *Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22CV00411MKBLGD, 2022 WL 16702694, at *4 (E.D.N.Y. Nov. 2, 2022) ("Redacting information beyond those listed in Rule 5.2(a) first requires a court-issued protective order.").[3] Plaintiff has failed to show good cause.

There are three steps for evaluating whether a document should be made available to the public under the common law right of public access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of the presumption"; and third, "balance" competing factors against  "the weight properly accorded the presumption of access." *See Mirlis*, 952 F.3d at 59; *Lugosch*, 435 F.3d at 120; *Jimenez-Fogarty v. Fogarty*, No. 1:24-CV-08705 (JLR), 2024 WL 5039666, at *1 (S.D.N.Y. Dec. 9, 2024) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Sealed Plaintiff*, 537 F.3d at 189 (holding that in determining whether to allow a plaintiff to proceed with a pseudonym the question for the court is whether the plaintiff has a

---

[3] Plaintiff's motion for permission to redact certain information itself redacts Plaintiff's name, address, and complaint and federal charge numbers associated with his administrative proceedings.

"substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."). Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 119). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120. The same principles guide redactions. See *United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025); *Trump*, 940 F.3d at 151.

Much of the information Plaintiff seeks to redact has already been filed by the Plaintiff himself on the public docket. Copies of the Verified Complaint filed with the City of New York Commission on Human Rights,[4] Notice of Administrative Closure, and Notice of Right to Sue that Plaintiff seeks to redact are each attached as exhibits to the Complaint in unredacted form. *See* Compl. at 94–107.

Moreover, it is settled principle that a complaint and the exhibits attached thereto, are judicial documents, over which a "strong presumption of public access attaches." *See Bernstein*, 814 F.3d at 139-40; *Lugosch*, 435 F.3d at 119–20; *Doscher*, 2014 WL 846773, at *2. Plaintiff's interest in privacy and professed fear of harm to his employment opportunities do not outweigh that strong presumption. General concerns of privacy and the desire to avoid embarrassment do not outweigh the presumption of access to the docket. *See Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *2 (S.D.N.Y. Jan. 12, 2021); *see also United States v.*

---

[4] The "Verified Complaint" appears to demonstrate that Plaintiff pursued administrative remedies with the City of New York Commission on Human Rights prior to filing of the operative Complaint in this case. *See* Compl. at 94–107.

*Martoma*, No. 12-cr-973 (PGG), 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014) (quoting *Siedle v. Putnam Invs.*, Inc., 147 F.3d 7, 10 (1st Cir. 1998)) (noting that "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access")); *Mathew v. New York City Dep't of Educ.*, No. 1:24-CV-8727-GHW, 2025 WL 833046, at *2 (S.D.N.Y. Feb. 27, 2025) (denying Plaintiff's motion to proceed with a pseudonym and redact address despite the risk to Plaintiff's career prospects because "Plaintiff's name and address are not highly sensitive materials, and there is no reason that this case creates an atypically weak public interest in knowing the litigants' identities.").

Accordingly, Plaintiff's request to redact personally identifiable information from exhibits to the Complaint other than that authorized by Federal Rule of Civil Procedure 5.2(a) (i.e. the first six digits of his social security number and the month and date of his birth) including his name, his social security number, his address, his telephone number, his email address, "contact information," "complaint number" in his EEOC and NYCCHR proceedings, his signature, his date of birth, and "any additional personal details, including medical, educational, financial, or otherwise identifiable information" is denied.

## III.    Request for *Pro Bono* Counsel

Plaintiff has also filed an application requesting appointment of *pro bono* counsel to represent him in this case. [ECF. No. 11]. Unlike in criminal cases, in civil cases like this one, there is no right to counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In ruling on an indigent litigant's request for counsel in a civil case, the Court should consider the merits of the case, plaintiff's efforts to obtain a lawyer, and plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge,* 802 F.2d at 60-62. "The factor which command[s] the most attention" is the merits.

*Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of plaintiff's claims, the motion for counsel is denied without prejudice to renewal at a later date. *See McBride v. C&C Apartment Mgmt.*, No. 21-CV-2989, 2021 WL 2077818, at *1 (S.D.N.Y. May 24, 2021).

## IV.    Request for Waiver of PACER Fees

Plaintiff also requests that the Court waive his PACER fees "due to financial hardship" and "as part of [his *in forma pauperis*] status." [ECF No. 16].

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See Electronic Public Access Fee Schedule*, U.S. COURTS (Effective January 1, 2020), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.
- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. The party seeking a discretionary exemption "must demonstrate that an exemption beyond the . . . automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99-100 (S.D.N.Y. 2014).

Aside from noting that he experiences "financial hardship," Plaintiff alleges no facts suggesting that he will suffer an "unreasonable burden[]" without free access to PACER beyond the free electronic

copy of filings he will receive via ECF. *See Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024). Moreover, Plaintiff's *in forma pauperis* status alone is not sufficient to warrant a special exemption from PACER fees. *Waheed v. Rentoulis*, No. 24-CV-6476, 2024 WL 4373304, at *3 (S.D.N.Y. Oct. 2, 2024); *Pina*, 2024 WL 3565780, at *2 ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). Accordingly, Plaintiff's request for waiver of PACER fees is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym [ECF No. 7] is DENIED. Plaintiff shall file a complaint in his own name by October 10, 2025, or this case will be dismissed. An Order of Service will be issued once Plaintiff indicates to the Court that he wishes to proceed under his true name and refiles his complaint.

Plaintiff's motion to redact personally identifying information [ECF No. 9] is DENIED to the extent that it seeks leave to redact information beyond that properly redacted under Rule 5.2(a).

Plaintiff's request to participate in electronic filing [ECF No. 12] is GRANTED. The Clerk of Court respectfully is directed to ensure that Plaintiff has access to e-filing in this case and receives ECF notifications at the e-mail on file, including a notification regarding the filing of this Order. Plaintiff is on notice that, to the extent the Court previously has mailed copies of orders to him, it will no longer do so.

Plaintiff's application for *pro bono* counsel [ECF No. 11] is DENIED without prejudice to renewal at a later date.

Finally, Plaintiff's request for waiver of PACER fees [ECF No. 16] is DENIED.

Plaintiff is reminded that he may contact the Pro Se Intake Unit for assistance by calling (212) 805-0175.

The Clerk of Court is respectfully requested to terminate the motions at docket numbers 7, 9, 11, 12, & 16.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date:  September 10, 2025**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**