USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERMAIN PETIT,

        Plaintiff,

-against-

Epiq eDiscovery Solutions, Inc., Lisa Edgeworth, Ann Marie Carlson, Stacey Sacks,

        Defendants.

---

24-cv-9880 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Germain Petit who is appearing *pro se*, brings this action against his former employer, Epiq eDiscovery Solutions Inc. ("Epiq"), as well as his former supervisors Lisa Edgeworth, Ann Marie Carlson, and Stacey Sacks. Plaintiff alleges that, during his employment with Epiq, he was subjected to "discriminatory and retaliatory conduct" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and relevant provisions of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* By order dated January 3, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses for the defendants issue.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a U.S. Marshals Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of the defendants.

If summonses and the complaint are not served on the defendants within 90 days after the date the summons for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to (1) issue summonses for Defendants Epiq eDiscovery Solutions Inc., Lisa Edgeworth, Ann Marie Carlson, and Stacey Sacks; (2) complete USM-285 forms for each defendant; and (3) deliver all documents necessary to effect service of summonses and the complaint on each defendant to the USMS.

**SO ORDERED.**

Dated:   October 21, 2025
         New York, New York

                                                    MARY KAY VYSKOCIL
                                                    United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Epiq eDiscovery Solutions Inc.
   122 East 42nd Street, 18th Floor
   New York, NY 10168

2. Lisa Edgeworth
   c/o Epiq eDiscovery Solutions, Inc.
   777 Third Avenue, 12th Floor
   New York, NY 10017

3. Anne Marie Carlson
   c/o Epiq eDiscovery Solutions, Inc.
   777 Third Avenue, 12th Floor
   New York, NY 10017

4. Stacey Sacks
   c/o Epiq eDiscovery Solutions, Inc.
   777 Third Avenue, 12th Floor
   New York, NY 10017